IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|   |   |
|---|---|
| TONY LAMONTE GREENE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | No. 22-1064 |
| ) | |
| v. ) | Filed: December 9, 2022 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs, who are incarcerated at the James Crabtree Correctional Center in Oklahoma and are proceeding *pro se*, filed the Complaint in this case on August 19, 2022. See ECF No. 1. According to the Complaint, Plaintiffs claim to be "members/descendants of the Cherokee Nation and/or those freedmen subject to treaties between [the] Cherokee Nation and the United States," and they allege that their incarceration under Oklahoma state law constitutes unlawful violations of Cherokee treaty rights. *Id.* at 1–3. They seek $300,000 plus $100 per day of their detention in compensatory damages and $1,000,000 in punitive damages for their allegedly wrongful incarceration. *Id.* at 3. Plaintiffs also requested through the Complaint appointment of counsel and class certification. *Id.*

On October 25, 2022, the Court granted the requests of Plaintiffs Greene, Byrd, Jackson, Smallen, Wilson, and Day to proceed *in forma pauperis*. See ECF No. 18. On November 23, 2022, Plaintiff Greene filed a Motion for Appointment of Counsel ("Motion"), which is now before the Court. See ECF No. 23. Defendant did not file a response to the Motion by the December 7,

2022, deadline. *See Id.* By his Motion, Plaintiff requests both appointment of counsel and class certification. For the reasons set forth below, the Court **DENIES** all relief requested in the Motion.

## DISCUSSION

### I. The Court Denies Plaintiff's Request for Appointment of Counsel.

Plaintiff requests that the Court appoint counsel pursuant to 25 U.S.C. § 175 and *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981), which held that a district court's denial of an indigent, incarcerated *pro se* plaintiff's request for appointment of counsel was an abuse of discretion under 28 U.S.C. § 1915. Neither source of law provides a basis for appointment of counsel in this case.

#### A. There is No Statutory Basis for Appointment of Counsel Here.

Section 175 states, "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. "[T]he unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory." *Robinson v. N.J. Mercer Cnty. Vicinage-Family Div.*, 514 Fed. App'x 146, 151 (3d Cir. 2013) (citing *Mescalero Apache Tribe v. Martinez*, 519 F.2d 479, 482 (10th Cir. 1975); *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953)). Furthermore, "the discretionary duty of § 175 does not override the general test for appointment of counsel under the in forma pauperis statute, 28 U.S.C. § 1915(e)(1)." *Id.* Accordingly, when an indigent Indian requests appointment of counsel under § 175, that request should be determined under the standards of § 1915(e)(1), which applies to all indigent parties. *See id.* (affirming district court's denial of indigent Indian's request for counsel under § 1915(e)(1)); *see also Tsosie v. Dunbar*, 504 Fed. App'x 75, 78 (3d Cir. 2012) (affirming district court's construal of indigent Indian's request for counsel under § 175 as a request under § 1915(e)(1)); *Jackson v. Shoshone-Bannock Counseling Fam. Serv.*, 4:21-CV-00062-DCN, 2021 WL 1377359, at *5 (D. Idaho Apr. 12, 2021) ("Section 175 also does not override the general test for appointment of counsel under

the in forma pauperis statute, 28 U.S.C. § 1915(e)(1)'" (quoting *Robinson*, 514 Fed. App'x at 151)). Determining Plaintiff's request under § 1915(e)(1) is especially apt here, where Plaintiff invokes *Maclin*, a case decided under § 1915(e)(1).

Section 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Only "civil cases that present an extreme hardship to petitioner," however, warrant the exercise of this discretionary power. *See Washington v. United States*, 93 Fed. Cl. 706, 709 (2010) (stating a court should exercise the power to appoint counsel only in "extreme circumstances," *id.* at 708).[1] Indeed, in civil proceedings, the right to counsel is "highly circumscribed, and has been authorized in exceedingly restricted circumstances." *Wright v. United States*, 701 Fed. App'x 967, 971 (Fed. Cir. 2017) (quoting *Lariscey v. United States*, 861 F.2d 1267, 1270–71 (Fed. Cir. 1988)). Petitioners facing "extreme hardship," thereby necessitating civil legal assistance, include those in civil cases facing "quasi-criminal penalties or severe civil remedies," *e.g.*, an indigent parent at risk of losing his or her child in a custody case or a party to a civil commitment proceeding. *Washington*, 93 Fed. Cl. at 709 (citing, *e.g.*, *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 30–32 (1981) (child custody); *Vitek v. Jones*, 445 U.S. 480, 496–97 (1980) (plurality) (civil commitment)); *see also Arnesen v.*

---

[1] In a non-precedential decision, the United States Court of Appeals for the Federal Circuit, held that the Court of Federal Claims "has no statutory authority to appoint counsel" under § 1915(e) because it is not an Article III court and thus not "a court of the United States" to which that section applies. *Kimble v. United States*, 25 Fed. App'x 926, 929 (Fed. Cir. 2001). Section 2503(d) of the same title, however, provides that "[f]or the purpose of construing section[] . . .1915 . . . of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States." *Id.*; *see Washington*, 93 Fed. Cl. at 708 (noting that "the commentary in *Kimble* did not take into account the provisions of 28 U.S.C. § 2503(d)"). Moreover, without addressing *Kimble*, the Court of Appeals has more recently recognized the, albeit limited, power of the Court of Federal Claims to appoint counsel. *See Wright v. United States*, 701 Fed. App'x 967, 971 (Fed. Cir. 2017) ("As the Claims Court correctly noted, . . . its power to appoint counsel in civil cases is limited.").

*Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) ("generally no right to counsel exists for indigent civil litigants absent potential for loss of personal freedom if action is lost" (citing *Lassiter*, 452 U.S. at 27)).

The present case, in which Plaintiff seeks monetary damages from the United States for the actions of officials and individuals in his criminal proceedings, involves neither the type of extraordinary circumstances nor extreme hardship warranting the exercise of the Court's power under § 1915(e)(1).  *See Omran v. United States*, 629 Fed. App'x 1005, 1008 (Fed. Cir. 2015) ("With only monetary compensation potentially at stake, there is no private interest, government interest or risk of erroneous decision here strong enough to overcome 'the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom.'" (quoting *Lassiter*, 452 U.S. at 27)); *Wilson v. United States*, 566 Fed. App'x 913, 916 (Fed. Cir. 2014) ("[W]here [plaintiff] seeks monetary damages against the [g]overnment, the Claims Court did not err by denying his request for the appointment of counsel."); *Jiron v. United States*, 118 Fed. Cl. 190, 198 (2014) ("Plaintiff's Complaint, alleging causes of action against various officials, employees, and judges . . . simply does not 'present an extreme hardship' sufficient to warrant appointment of counsel." (quoting *Washington*, 93 Fed. Cl. at 709)).  Because Plaintiff only seeks monetary compensation, there is no risk that the outcome of this case will prolong Plaintiff's incarceration or otherwise further divest him of personal liberty.

    **B.**    ***Maclin* Does not Provide a Basis for Appointment of Counsel Here.**

Plaintiff argues the Court should appoint counsel under the reasoning of *Maclin*, which held that a district court's denial of an indigent, incarcerated *pro se* plaintiff's request for appointment of counsel was an abuse of discretion under § 1915.  650 F.2d at 886.  To determine whether counsel should have been appointed for the indigent plaintiff in *Maclin* (a civil case), the

court balanced several factors, including the merits of the plaintiff's case, whether the plaintiff was able to investigate crucial facts, whether the only evidence presented would be conflicting testimony, and the capability of the plaintiff to present his case. *Id.* at 887–88. The court held that because the plaintiff had a colorable claim for relief, had limited knowledge of the legal process, and suffered from debilitating medical complications, the district court abused its discretion when it denied the plaintiff's request for counsel. *Id.* at 889.

Following the factors outlined in *Maclin*, Plaintiff argues the Court should appoint him counsel because the legal issues are complex and Plaintiff has no legal training, Plaintiff is unable to gather the relevant facts, and there may be conflicting testimony from different government officials. ECF No. 23 at 1. *Maclin*'s multi-factor balancing test, however, has little bearing on this case. *Maclin*'s relatively relaxed standard for appointment of counsel was rejected by a later decision of the Seventh Circuit, which replaced the multi-factor *Maclin* test with a "more straightforward inquiry." *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005). The new standard asks: "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Id.* (quoting *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). Regardless, this Court is bound by the Federal Circuit's standard, which focuses only on whether the moving party's liberty is at stake. *Wright*, 701 Fed. App'x at 971.

Even if the Court were to follow the *Maclin* standard, it would conclude counsel should not be appointed to represent Plaintiff in this case. The court's holding in *Maclin* rested in significant part on the fact that the plaintiff faced severe medical complications that prevented him from prosecuting his case. *Maclin*, 650 F.2d at 889. Plaintiff does not allege that he faces the same physical restraints, and Plaintiff's concerns regarding fact-finding and fact witnesses have

relatively less pertinence here where adjudication of Plaintiff's claims will likely focus more on legal arguments, including whether the Cherokee treaties cited in the Complaint provide Plaintiff with any rights that are actionable in this Court. *See* ECF No. 1 at 2–3. Accordingly, while Plaintiff may have no professional legal training, that fact alone would not warrant appointment of counsel even under the balancing test of *Maclin*.

As explained, because Plaintiff's suit seeks monetary damages, the outcome of this case will not prolong Plaintiff's incarceration and will not otherwise implicate his personal liberty. The absence of "extreme circumstances," such as a threat to Plaintiff's liberty, belies any call for the Court to appoint counsel in this case. *Washington*, 93 Fed. Cl. at 706. Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel.

## II. The Court Denies Plaintiff's Request for Class Certification Because All Plaintiffs are Proceeding *Pro Se*.

In addition to appointment of counsel, Plaintiff requests "certification of class status." ECF No. 23 at 1. Plaintiff's proposed class includes "members and descendants of members of the Cherokee Nation and those freedmen and their descendants subject to treaties between [the] Cherokee Nation and the United States." ECF No. 1 at 3.

"One or more members of a class may sue as representative parties on behalf of all members only if" each of the requirements of Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC") are met. RCFC 23(a). Under those requirements, a plaintiff seeking class certification must demonstrate that the proposed class satisfies the factors of numerosity, commonality, typicality, adequacy, and superiority. *Oztimurlenk v. United States*, No. 19-1715C, 2022 WL 12240522, at *4 (Fed. Cl. Oct. 20, 2022) (quoting *Horvath v. United States*, 149 Fed. Cl. 735, 743 (2020)). These factors are defined as follows:

> (i) **numerosity**—that the proposed class is so large that joinder is impracticable; (ii) **commonality**—that there are common questions of law or fact that predominate over questions affecting individual prospective class members and that the government has treated the prospective class members similarly; (iii) **typicality**–that [the putative class representative's] claims are typical of the proposed class; (iv) **adequacy**—that [the putative class representative's] will fairly represent the proposed class; and (v) **superiority**—that a class action is the fairest and most efficient method of resolving the suit.

*Id.* at *5 (alterations and emphasis in original) (quoting *Common Ground Healthcare Coop. v. United States*, 137 Fed. Cl. 630, 637 (2018)). "To understand these requirements in practice, cases applying Rule 23 of the Federal Rules of Civil Procedure . . . are instructive." *Id.* (citing *Lohmann v. United States*, 154 Fed. Cl. 355, 361 (2021)).

Because all Plaintiffs in this case are proceeding *pro se*, the adequacy requirement of RCFC 23 is not met. Plaintiff is acting *pro se* and lacks formal legal training, and thus has not demonstrated that he can fairly represent the alleged rights of a class of individuals. *See Holmes v. Mich. Dept. of Corr.*, No. 85-1464, 1986 WL 18651, at *2 (6th Cir. 1986) ("Courts have held that pro se prisoners are not adequate class representatives able to fairly represent the class." (citations omitted)); *see also Johnson v. Brown*, 581 Fed. App'x 777, 781 (11th Cir. 2014) (holding *pro se* plaintiff could not represent a class because *pro se* status is a personal right that does not extend to others); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Because the adequacy element is not met here, the Court **DENIES** Plaintiff's request for class certification.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 23) and all relief requested therein, including Plaintiff's request for class certification.

**SO ORDERED**.


Dated: December 9, 2022                         */s/ Kathryn C. Davis*
                                                KATHRYN C. DAVIS
                                                Judge